**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 16-10276 |
| Plaintiff-Appellee, | 16-10278 |
| v. | D.C. Nos. 4:15-cr-01927-CKJ |
| JESUS MESA-SOTO, | 4:13-cr-02023-CKJ |
| Defendant-Appellant. | MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

In these consolidated appeals, Jesus Mesa-Soto challenges the three-year

term of supervised release imposed following his guilty-plea conviction for reentry

of a removed alien, in violation of 8 U.S.C § 1326.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Mesa-Soto contends that the district court procedurally erred by failing to explain adequately the three-year term of supervised release. Because Mesa-Soto failed to raise this alleged procedural error below, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). After hearing arguments regarding Mesa-Soto's criminal history and prior removal from the United States, the district court specifically considered U.S.S.G. § 5D1.1(c) and determined that a term of supervised release would provide added deterrence. The record as a whole reflects the basis for the district court's determination, and the district court did not plainly err in its explanation. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A]dequate explanation in some cases may also be inferred from the PSR or the record as a whole.").

Mesa-Soto further contends that the term of supervised release is substantively unreasonable in light of his intent to reunite with his family in Mexico following his release from custody and his lack of family ties in the United States. The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Mesa-Soto's criminal history and multiple prior removal from the United States. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012).

**AFFIRMED.**